Good morning, Your Honors. May it please the Court, my name is Brett Shumate. I represent Mr. Ramirez in this case. If I may, Your Honors, I'd like to reserve two minutes for rebuttal. Your Honors, this is a removal case in which the government has the burden to clearly and unequivocally prove that Mr. Ramirez's prior conviction in California for grand theft qualifies as an aggravated felony. Applying the modified categorical approach, the Board concluded that Mr. Ramirez was convicted of theft of property rather than theft of labor by considering a conviction record that consisted solely of a felony complaint and a transcript of the plea colloquy. The government, however, now urges the Court to affirm the Board on a different basis by independently considering an abstract of judgment that was neither considered nor relied upon by the Board below. Let me see if I understand correctly. It was submitted by the government at the, for the, at the initial hearing, the felony complaint and the abstract. Is that correct? That's correct, Your Honor. And then at the time of the appeal to the Board of Immigration Appeals, there was attached the plea transcript. That's correct, Your Honor. And then we're reviewing the Board. So I take it it's all three of those documents that are before us. Is that correct? That's correct, Your Honor. The conviction record consists of the plea colloquy. Now, we look at all three of those and see if there's enough to show that this was a theft of property rather than a theft of labor. Well, no, Your Honor. I respectfully disagree. The Court reviews the Board's decision and the conviction record relied upon by the Board. In this case, the conviction record relied upon by the Board in reaching its decision was the felony, where the felony complaint and the transcript of the plea colloquy. Specifically, the Board concluded based on the plea colloquy that it showed that Mr. Vermeer has pled guilty to count one of the felony complaint. The abstract is nowhere mentioned in the Board's order, and the Supreme Court's Chenery decisions make clear that a court reviewing agency action can only affirm the agency based on the reasons invoked by the agency. Those reasons are inadequate. The Court cannot substitute an alternative basis to affirm it. Even though it's before them and we know they read it? Well, Your Honor, we – it would be only speculation to assume that the Board considered the abstract. Here, the conviction record consisted of four documents. However, the Board only relied on two in its order, and that identified two in the – in its order. It would be nothing but speculation to assume that the Board considered the abstract considering there's no evidence in the record or in the agency's order that it was actually considered, much less relied upon. There's certainly authority that says that a court can't look to a reason not cited by the administrative agency. Is there any authority that hones that down to the point of saying a court can't look to evidence that isn't specifically cited by name by an agency? Well, I don't know of any, Your Honor. But you can apply Chenery to this case, because the reason the Board gave for its decision was that the plea colloquy showed Mr. Ramirez pled guilty to count – Well, I think the reason the Board gave is that in this instance, the conviction record reflects the respondent pled guilty to a charge of grand theft of particular items of personal property, not labor. It goes on, we note, in particular, to cite particular pieces of evidence. But you're not quarreling really with the reason so much as you seem to be quarreling with the evidence cited. I think it's both, Your Honor. It comes down to the reasons given by the agency. It's not so much quarreling with particular pieces of evidence. We're not arguing that the Board had to specifically list all the pieces of evidence in the record that it relied upon. But what this Court has to do when applying Chenery to this case is be certain that the reasons given by the agency are the reasons that the Court is affirming. And here, the reasons given by the agency are simply the fact that Mr. Ramirez pled guilty to count one of the felony complaint. It would be an entirely different reason to affirm the Board based on what the abstract shows, considering there is much dispute in this Court about what or when courts can consider abstract of judgment. And it leads me to the second point that the Court cannot consider the abstract of judgment in this case, Your Honors, is that the government is urging the Court to use the abstract to prove the nature of Mr. Ramirez's prior conviction. Specifically, the government is urging the Court to look at the description in the abstract and conclude that Mr. Ramirez was convicted of theft of property rather than theft of labor. This Court's 2004 decision in Navidad-Marcos makes clear that courts cannot consider abstracts for that purpose, to prove the nature or underlying facts of a prior conviction. Now, just to be clear, Your Honors, we're not arguing that courts can never consider an abstract of judgment when applying a modified categorical approach. This Court's decision in the Nayorities makes clear that there are some limited and discrete uses of abstracts that may be considered when applying a modified categorical approach. But in this case, this Court has held a line and held that courts cannot consider an abstract to prove the nature or underlying facts of a conviction, and that's the exact purpose that the government is offering the abstract in this case, Your Honors. It's the abstract, though, that you indicate that we cannot consider. If we take the felony complaint and the transcript, which you don't object to, what we have is a felony complaint that says personal property of a value not exceeding to wit, tires and rims of property. And then in the transcript, we have grand theft of personal property. But why isn't the two of those together sufficient to show it was tires and rims personal property and not labor that was stolen? Two reasons, Your Honor. The felony, those two documents together do not confirm the factual basis that Mr. Ramirez admitted during the plea colloquy. I think there's two important things to remember. First is that Mr. Ramirez never pled guilty as charged. He never incorporated another court document into his plea. The facts of the offense were never described during the plea colloquy. And the trial judge never found any factual findings that were said. It says grand theft of personal property. That's what he's charged with. The word labor is never mentioned in any of the documents. That's correct, Your Honor. The felony complaint itself does mention theft of personal property. However, the Court can't rely on the felony complaint alone to prove the facts of the underlying conviction, which leads to a second point that the Court needs to consider is that felony complaint itself is inherently unreliable. It charges Mr. Ramirez with theft and receipt of the exact same property, tires and rims. We know for a fact that Mr. Ramirez could never have been convicted of exactly what he was charged with in the complaint because that would violate California's prohibition against dual convictions for receipt and theft of the same property. That's exactly the reason reached by the Board in this case, that simply because Mr. Ramirez pled guilty to the felony complaint, that that's sufficient to prove the facts to which Mr. Ramirez admitted during the plea colloquy. And they are not, Your Honors. Which leads to my final point I'd like to make, Your Honors, is that the conviction record is ambiguous, and the government has not clearly and unequivocally shown that Mr. Ramirez was convicted of theft of property rather than theft of labor. To consider the felony complaint first, Your Honors, it's a ---- What rims and property? What rims and tires? Isn't that pretty specific? It is, Your Honor. The felony complaint specifically identified the property he was charged with stealing and receiving. However, we know for a fact that he couldn't have been convicted of exactly what he was charged with. Well, actually, we don't because we don't know it's the same tires and rims in each count, do we? Right, Your Honor. That's a very good point because the Court can only speculate about what the property at issue was in the case. Well, it seems to me you're speculating. You're telling us that he couldn't have been convicted of both because it's exactly the same. We don't know that. It could have been a different set of tires and rims. It could have been, Your Honor, but that just brings home the point that the Court can only speculate about what property is at issue or whether the count one was for theft of property. It just boils down to the fact, Your Honors, that the government has the burden in this case to clearly and unequivocally prove that Mr. Ramirez was convicted of theft of property rather than labor. To sum up, we have a felony complaint that is inherently unreliable because it charges theft and receipt of the exact same property, and we know Mr. Ramirez could never have been convicted of that, those two charges. Second, we have a felony conviction, excuse me, we have a plea colloquy during which Mr. Ramirez never admitted, stipulated to a factual basis for his offense, not any particular factual basis. He never pled guilty as charged in the complaint. He never described the factual basis for his plea. And the trial judge never found any findings that were accepted by Mr. Ramirez. Thank you, Your Honors. You have the balance of your time available for rebuttal, and we'll hear from Counsel for the Attorney General. Good morning. May it please the Court, my name is Amy Fredrickson and I represent the government in this matter. In this case, Petitioner is appealing from a decision by the Board of Immigration Appeals finding him removable as an aggravated felon for the theft of personal property under the California Penal Code. Although the statute under which Petitioner was convicted is divisible, the abstract of judgments, the charging document and plea colloquy all clearly demonstrate that the Petitioner was convicted for theft of personal property, not labor. The Petitioner's arguments have all been foreclosed by this Court's precedent. Do you want to put it into second gear? Just slow down just a tad so I can keep up. Sorry, Your Honor. Now, what I'd like to have you do is tell me why you think that your adversary is wrong in indicating that we should not consider the abstract because the Board of Immigration Appeals did not mention in its opinion. All right. Contrary to the Petitioner's arguments, the Board did rely on the abstract in coming to its conclusion. The Board specifically states we must look to the admissible proportions of the conviction record, and that in this instance the conviction record reflects that the Respondent pled guilty to a charge of grand theft of particular items of personal property. As the abstract of judgment is part of the conviction record, the Board clearly relied upon that evidence in reaching its conclusion. The Board then stated that the fact that it was in the record doesn't really show that it was clearly relied on, does it? Well, the Board in this case stated that they looked to the admissible portions of the conviction record, and the abstract of judgment is an admissible portion of the conviction record. And therefore, I think it goes to show that the Board did rely on the abstract of judgment. That the Board stated in particular that it was examining the plea colloquy that was submitted later doesn't demonstrate that it did not examine the other documents that are part of the admissible, that are admissible and part of the conviction record. The government is not presenting a new legal basis for the argument. It's arguing the same position that the Board took, that the conviction record clearly demonstrates that the Petitioner was convicted of theft of personal property, and as part of the conviction record contained in the administrative record, the Court, therefore, should look at all of the evidence, which includes the abstract of judgment. What case do you rely on? What's your strongest case that we can consider the abstract when the Board of Immigration Appeals apparently doesn't refer to it specifically? I'm not sure how to say this. El Magsar v. Gonzalez. I cite it on page 12 of my brief. This Court found that an immigration judge was not required to discuss every single piece of evidence that was submitted before the record, and that the Court could still look at that evidence and assume that the immigration judge did rely on the admissible evidence that was put before it without going through and listing every single piece of evidence and its reasons for relying on that evidence. That was the IJ. Do we have a similar case to the Board? I'm not sure that you do. If the Court was looking at the immigration judge's decision, though, the Board either would have affirmed that opinion or affirmed and accepted the immigration judge's reasons. So it's still the agency. Let's assume there's no opinion there and that we might have to write one. But how would you write that opinion to say that even though they don't mention abstract, we can look at it? In light of our cases, say we rely on the reasons given by the Board in our appeal. The way that the Second Circuit stated it was that the Board is not required to parse or refute on record every piece of evidence that's brought before it. And I think that that is correct because we assume that the agency did its job, and part of its job is to review the record as a whole. And in this case, they do specifically state that they examined the admissible portions of the conviction record, and therefore I think it's safe for the Court to conclude that the Board did, in fact, examine these documents. Additionally, the Court may properly rely on the abstract of judgment to determine whether the petitioner's conviction was for theft of labor or of personal property. In this case, Anya Ortiz is clearly contrary. No, I would just like to second what Judge Wallace has said. If you really want us to hear and understand what you're saying, you've got to speak more slowly. Sorry, Your Honor. I was prone to the same habits, so. All right. We'll try to slow down. In this case, Anya Ortiz is clearly controlling. The Court held in that case unequivocally that pursuant to Snellenberger, a court may consider the information that's contained in the abstract of judgment. The petitioner in this case relies on Navidad-Marcos, which is a pre-Snellenberger case, and argues that Navidad-Marcos and Anya Ortiz cannot be read together. They're irreconcilable. However, in Navidad-Marcos, the Court concluded that the abstract of judgment in this case was insufficient because it merely recites the statute of conviction. That's different from this particular case where the statute of conviction is grand theft, but it's noted that he committed grand theft of personal property. It does not say anything about labor, even though labor is included in that statute. Additionally, contrary to the petitioner's assertion, the Court and Anya clearly relied on the abstract of judgment to determine whether the petitioner in that case was convicted of all the elements of an aggravated felony, not merely to determine the length of the sentence. The Court looked at whether the petitioner in that case had been convicted of possession of a firearm by a felon under a divisible statute, and concluded that the notation stating possession of a firearm by a felon on the abstract of judgment was sufficient to determine that they had been convicted, that that petitioner had been convicted of all of the elements for an aggravated felony. In this case, the abstract of judgment states that it was for theft of personal property, and the Court may rely on that document in determining that he did in fact commit theft of personal property and not of labor. Additionally, the petitioner's arguments that the count one and count two, the petitioner could not have been convicted of both of those, this is not the proper forum to make those arguments. Those arguments should have been made in criminal court. In fact, there's two points. First, it's not clear on the face of the charges that the convictions, that a conviction for both count one and count two would in fact be illegal. Count one identifies the states that it's for theft of personal property to with the tires and rims of Liberto Leon. And in count two, although he's also charged with receiving a stolen property for tires and rims, it does not identify who, to whom those tires and rims belonged. So it's not clear that they were in fact the same tires and rims. However, even if they were the same tires and rims, that conviction should be challenged in criminal court, not here. The petitioner clearly, if we look at the plea colloquy, the petitioner clearly pled guilty to count one. Count one clearly identifies that the, it was for theft of personal property to with the tires and rims. There's no mention of labor. And I think it's quite clear on that record that it was in fact personal property, not labor that was stolen. The, because the conviction record clearly identifies that the petitioner stole personal property and was sentenced to one year and four months for that theft. The petitioner did in fact commit an aggravated felony under the immigration statutes, and therefore the board properly found him removable. Unless the Court has any further questions. Thank you. Thank you. Hey, police and court. Three very quick points on rebuttal, Your Honors. Two related to the abstract and one related to this dual convictions issue. The first is that the cases cited by the government for the proposition that the board doesn't have to parse the record are asylum cases in which the petitioner was arguing before the IJ or the board that the agency abused its discretion by failing to specifically identify or specifically discuss evidence presented by the petitioner before the IJ or before the board. That's an entirely different case than this case, where Mr. Ramirez is not arguing that the board failed to consider evidence presented by him. We're specifically asking that the Court hold the board to the rule set forth in Chenery that the agency must clearly articulate the reasons for its decision. Is the general proposition particularly different? That is, we appeared to hold in that case that the fact that the IJ in that case did not mention particular pieces of evidence cannot be basis to conclude that he didn't consider it. Isn't the same thing potentially applicable here, that the BIA didn't specifically cite the abstract doesn't mean that it didn't consider it as part of the conviction record? No, Your Honor. In that case, Almazar involved a CFR provision that said the IJ has to consider all the evidence. And in that case, it was deemed sufficient by this Court. The Court concluded that the IJ was sufficient under the record to conclude that the IJ had considered all the evidence presented by the Petitioner. But in this case, Mr. Ramirez hasn't presented any evidence. It's simply the board's obligation to present this Court with clear reasons for its decision. And this Court can only affirm the board based on the reasons identified by the agency. Well, let's take a look at what the board actually said. It said, we note in particular. That doesn't mean that it didn't look at anything else. It looks that it just indicates there's something in particular that they want to identify. But let's assume for the sake of argument that we accept your proposition. I mean, we won't consider the abstract of justice. The question is whether there was a reasoned disposition by the board. We note in particular that the transcript of the Respondent's plea colloquy, a copy of which was submitted by the Respondent as an attachment notice of appeal, indicates that he entered a guilty plea to the exact count of the felony complaint that had originally been lodged against him, a count which plainly charges him with stealing personal property. And we look, then, at the plea colloquy, and it says, grand theft of personal property. Theft of personal property. Then we look at the complaint, and count 1 says theft of personal property. Why isn't that eminently clear, what they've told us? Two quick points, Your Honor. Shepherd tells us that the only certainty of a generic finding in a pleaded case lies in the defendant's own admissions or the judge's accepted findings of fact. And in this case, all we have is a plea colloquy that merely says Mr. Ramirez pled guilty to a felony complaint. The second point is that the Court cannot rely on the felony complaint itself to prove the nature and the underlying facts of Mr. Ramirez's prior conviction. That's exactly what the Board assumed in this case, merely because Mr. Ramirez pled guilty that it could infer that Mr. Ramirez pled guilty as charged in the complaint. And we know from the plea colloquy, Your Honor, that Mr. Ramirez never pled guilty as charged, never stipulated to any particular factual basis for his offense, and the trial judge never found any accepted findings of fact. He didn't plead guilty to anything? He did plead guilty, Your Honor. However, he didn't plead guilty as charged in the complaint. If you look at the plea colloquy, Your Honor. What did he plead guilty to? Your Honor, the fact that we have to ask that question illustrates the fact that the Government hasn't proven its case. It has the burden to clearly and unequivocally prove that Mr. Ramirez was convicted of theft of property. Well, can you show me something that would indicate that he didn't plead guilty to theft of personal property? Well, Your Honor, it's not our burden in this case to show that Mr. Ramirez was convicted of theft of labor or that there is evidence of theft of labor. It's the Government's burden to prove unequivocally that there's a conviction record that clearly shows theft of property. I think it comes down to the fact that you look at the plea colloquy, Your Honor, there's no clear evidence that Mr. Ramirez admitted facts sufficient to show a guilty plea to theft of personal property. And you also have this dual convictions problem that renders the felony complaint inherently unreliable. Thank you. So when the judge makes a finding that he pled guilty, what you're suggesting is that that finding can be followed, that we have to go find the finding and look at the evidence? What case do you have to rely on for that? You were just saying before we want to know how the board did it. Okay. We know how the board did it. Now you're saying, oh, wait a minute, even though the transcript says he pled guilty, you say that that can be attacked. Is that your position? I'm sorry, Your Honor. I don't think I understand your concern. A transcript itself said that he pled guilty, that he pled guilty to the grand theft of personal property. If the judge said that, then you're saying, no, wait a minute, there was something invalid about his plea of guilty. And so we strike that? Well, just to clarify, Your Honor, the plea colloquy shows that Mr. Ramirez pled guilty. There's no evidence that he said theft of personal property. All the plea colloquy shows, Your Honor, is how do you plead to countenance? The judge says it was theft of personal property. That's apparently what he thought. Are you saying that he's got a right in habeas corpus to set aside his plea of guilty? No, Your Honor. I believe page 70 of the record says that the trial judge found a factual basis for the plea, but he never described what that particular factual basis was. Just like Mr. Ramirez stipulated to a factual basis for his plea, but not any particular basis, such as theft of property or theft of labor. There are no further questions, Your Honor. Thank you. We thank you. We thank both counsel for the argument. The case just argued is submitted.
judges: Wallace, Hug, Clifton